**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4038**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE LEO HAWKINS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CR-04-60)

Submitted:  March 29, 2006                 Decided:  May 25, 2006

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Edgar Demps, J. EDGAR DEMPS, P.L.L.C., Portsmouth, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, William D. Muhr, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lawrence Leo Hawkins, Jr., appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2000), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000).[*] He asserts that the district court erred in denying in part his motion to suppress evidence. We have reviewed the parties' briefs, the joint appendix, the transcript of the district court's ruling from the bench, and the court's order partially denying the suppression motion. Finding no reversible error, we affirm.

The record provides sufficient support for the district court's conclusion that Hawkins voluntarily consented to the search of his hotel room and vehicle. See United States v. Mendenhall, 446 U.S. 544, 558 (1980) (finding that courts should consider age, maturity, and intelligence of defendant in determining whether consent to search was voluntary); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (noting that "conditions under which the consent to search was given" are relevant). We reject Hawkins' argument that his encounter with law enforcement officials amounted to a seizure under the Fourth Amendment. See Ornelas v. United States, 517 U.S. 690, 699 (1996) (stating

---

[*]Hawkins apparently waived his right to challenge his sentence on appeal. J.A. 120.

standard of review for denial of motion to suppress); Florida v. Bostick, 501 U.S. 429, 436-37 (1991) (providing standard to determine whether police-citizen encounter amounts to seizure); United States v. Weaver, 282 F.3d 302, 309-10 (4th Cir. 2002) (same). Finally, as to the storage facility, the court granted the motion to suppress the firearm found during the search. Hawkins points to no other incriminating evidence that was found during the search of the storage facility. We thus conclude that the district court did not err in finding that Hawkins voluntarily consented to the search of his hotel room and automobile, and in denying in part his motion to suppress.

Accordingly, we affirm Hawkins' conviction. We deny Hawkins' motion for substitute counsel, and his request to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED